# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| KELVIN MONTERO, | : | |
|---|---|---|
| Petitioner | : | CIVIL ACTION NO. 3:21-0725 |
| v. | : | (Judge Mannion) |
| KEVIN KAUFFMAN, SUPT., | : | |
| Respondent | : | |

## MEMORANDUM

**I. Background**

Petitioner, Kelvin Montero, an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges his conviction and sentence imposed by the Philadelphia Court of Common Pleas. (Doc. 1.) The filing fee has been paid. For the reasons outlined below, the petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

**II. Discussion**

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal

judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. §2241(d). Each of those districts have "jurisdiction to entertain the petition." Id. Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's §2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. §2241(d). Additionally, 28 U.S.C. §1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. §1404(a).[1]

Since the amendment of that section, it has been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had. Petitioner is attacking the legality of a conviction and sentence which were entered in the Court of Common Pleas

---

[1] Because habeas proceedings are generally considered civil in nature, Hilton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v Government of Virgin Islands, 230 F.3d 615, 683 (3d Cir. 2000).

of Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). The state trial court, as well as any records, counsel, and other witnesses, are located within the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to that court.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2021**
21-0725-01